**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4451**

_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEBORAH BORDEAUX,

Defendant - Appellant,

versus

W. LOWNDES SINKLER; COASTAL FEDERAL SAVINGS
BANK; INGA MARY JACKSON; SOUTH CAROLINA PUBLIC
SERVICE AUTHORITY; BENJAMIN MCKNIGHT; PAULA
FOSTER; PURDUE PHARMA L.P.; PURDUE PHARMA,
INCORPORATED; THE PURDUE FREDERICK COMPANY;
CYNTHIA MOORE, as Personal Representative of
the Estate of Benjamin D. Moore, MD; GREGORY
WALTER,

Parties in Interest.


_____

**No. 06-4452**

_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL D. JACKSON,

                                    Defendant - Appellant,

        versus


W. LOWNDES SINKLER; COASTAL FEDERAL SAVINGS
BANK; INGA MARY JACKSON; SOUTH CAROLINA PUBLIC
SERVICE AUTHORITY; BENJAMIN MCKNIGHT; PAULA
FOSTER; PURDUE PHARMA L.P.; PURDUE PHARMA,
INCORPORATED; THE PURDUE FREDERICK COMPANY;
CYNTHIA MOORE, as Personal Representative of
the Estate of Benjamin D. Moore, MD; GREGORY
WALTER,

                                    Parties in Interest.

---

**No. 06-4453**

---


UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus


RICARDO U. ALERRE,

                                    Defendant - Appellant,

        versus


W. LOWNDES SINKLER; COASTAL FEDERAL SAVINGS
BANK; INGA MARY JACKSON; SOUTH CAROLINA PUBLIC
SERVICE AUTHORITY; BENJAMIN MCKNIGHT; PAULA
FOSTER; PURDUE PHARMA L.P.; PURDUE PHARMA,
INCORPORATED; THE PURDUE FREDERICK COMPANY;
CYNTHIA MOORE, as Personal Representative of
the Estate of Benjamin D. Moore, MD; GREGORY
WALTER,

                                    Parties in Interest.

2

Appeals from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, Senior District Judge. (4:02-cr-00673-CWH-5; 4:02-cr-00673-CWH-2; 4:02-cr-00673-CWH-6)

Argued: October 30, 2007                    Decided: January 31, 2008

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. Lionel Stukes Lofton, Charleston, South Carolina, for Appellants. **ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, William E. Day, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee. David B. Betts, Columbia, South Carolina, for Appellant Michael D. Jackson; G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant Deborah Bordeaux.

Unpublished opinions are not binding precedent in this circuit.

3

PER CURIAM:

After convictions for controlled substance and money laundering offenses resulted in substantial prison sentences, Ricardo Alerre, Deborah Bordeaux, and Michael Jackson appealed their convictions and sentences. We affirmed the convictions but vacated the sentences in light of United States v. Booker, 543 U.S. 220 (2005), and remanded for resentencing. United States v. Alerre, 430 F.3d 681 (4th Cir. 2005). On remand, the district court awarded each of the defendants a sentence well below the applicable advisory guideline range.

The Government asserted that the sentences imposed by the district court were unreasonable because the court significantly deviated downward from the advisory guideline range and gave excessive weight to a single sentencing factor. We placed the case in abeyance, awaiting issuance of Gall v. United States, No. 06-7949, 552 U.S. _____ (Dec. 10, 2007), and Kimbrough v. United States, No. 06-6330, 552 U.S. ____ (Dec. 10, 2007). After issuance of those opinions, the Government filed a motion to dismiss its appeal, which we granted. Accordingly, we address here only the cross-appeals.

Alerre, Bordeaux, and Jackson assert that the district court unconstitutionally calculated the drug quantity attributable to each of them. They contend that the district court violated Booker by finding facts at sentencing. But Booker, itself, forecloses

4

this argument.  <u>Booker</u> explicitly rejected an approach that would require the jury to find every fact relevant to sentencing.  543 U.S. at 246; <u>see also</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).  The physicians also argue that the formula the district court employed to calculate the drug quantities was unconstitutionally unreliable.  We review only for plain error because the physicians did not raise this claim before the district court.  <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993).  Since the physicians cannot establish any error, let alone plain error, this claim too fails.

<u>AFFIRMED</u>